**TUSCULUM COLLEGE,**
**Plaintiff-Appellant,**

v.

**STATE BOARD OF EQUALIZATION,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

March 28, 1980.

Certiorari Denied by Supreme Court
June 9, 1980.

Jerry W. Laughlin, Greeneville, for plaintiff-appellant.

David S. Weed, Sr. Asst. Atty. Gen., Nashville, for defendant-appellee.

ABRIDGED OPINION

TODD, Judge.

The State Board of Equalization denied the claim of Tusculum College to exemption from taxation of certain of its properties. Upon hearing the cause by certiorari, the Chancellor affirmed the decision of the Board and the College has appealed.

The appellant's brief contains no assignment of error under the former practice before this Court, and no separate statement of issues on appeal as provided by the present Rules of Appellate Procedure. However, appellant's "Brief and Argument" begins with the following statement:

"The single issue presented by this appeal is whether or not, on the basis of the undisputed facts, the structures on the appellant's campus occupied as a residence by its president, certain selected deans and faculty members, and certain maintenance personnel, or any of them, are entitled to exemption from property taxation by virtue of T.C.A. § 67–513."

The issues stated by appellee are as follows:

"(1) Is Tusculum College lawfully entitled to a tax exemption on property where its primary, direct and immediate use is for faculty residences and not for educational purposes.

(2) Does Tusculum College's receipt of pecuniary benefit in the form of rents prohibit the grant of tax exempt status."

The portions of appellant's property which are involved in this suit are as follows:

1. President's residence.
2. The "Old College Building", containing four apartments occupied by faculty members.
3. The "Gray Cottage", occupied by a faculty member.
4. The "Small Halfway House", occupied by a faculty member.
5. Another house occupied by a faculty member.
6. "Old Justice House" occupied by a maintenance worker.
7. The "Home House" occupied by a maintenance worker.
8. The "Maintenance Apartments" occupied by two maintenance workers.

Rent is paid to appellant by the occupants of all the foregoing buildings except for No. 1, the President's residence, which is furnished without cost to the President.

None of the occupants is required to live on appellant's premises except the president, who is required to live in the "President's residence" by a resolution of the Board of Trustees dated October 24, 1975. The President's home is designed and used for meetings and entertainment of large groups and guests.

Appellant does not provide housing for all faculty members and employees, but the houses listed above as Nos. 2–8, inclusive, are rented to selected employees. Said latter seven structures, as their names suggest, were not originally constructed as faculty or employee housing, but were converted to such use.

The rents collected from the occupants produce no net income to the college.

The occupants of each of the buildings perform services which may be more efficiently performed by residing on the campus.

The Board of Equalization determined that fifty percent ($\frac{1}{2}$) of the President's residence was exempt because of its partial use for college meetings and entertainment and that the remaining fifty percent ($\frac{1}{2}$) of the President's residence and the remaining buildings in their entirety were taxable. The Chancellor agreed.

Appellant cites *George Peabody College v. State Board of Equalization*, 219 Tenn.

123, 407 S.W.2d 443 (1965) wherein exemption was allowed for buildings used for student housing under a former exemption law. The present exemption law, T.C.A. § 67–514, enacted in 1973, specifically exempts school dormitories and may be said to exclude other housing under the doctrine of inclusio unius est exclusio alterius (mention of one excludes all others).

Appellant next cites *State v. Fisk University*, 87 Tenn. 233, 10 S.W. 284 (1889), in which the Supreme Court held exempt certain vacant property used to produce food for the students of Fisk University. The producing of food for the student body is distinguishable from furnishing a home to an employee.

Appellant also cites *Vanderbilt University v. Ferguson*, Tenn.App.1976, 554 S.W.2d 128, wherein this Court, one judge dissenting, held that a parking lot for employees of Vanderbilt Hospital, some distance from the hospital, was exempt on the ground that there were no commercial parking lots available in the vicinity for use of such employees. As pointed out in the dissent, *City of Nashville v. State Board of Equalization*, 210 Tenn. 587, 360 S.W.2d 458 (1962) held that a parking lot on the roof of a religious institution for use of its employees was not exempt. The only distinguishing feature between the two authorities is that there was some commercial competition to the roof parking lot and (supposedly) none to the detached hospital parking lot.

In order to follow the Vanderbilt decision in the present case, it would be necessary to find as a fact that no other facilities are available to house the employees near enough to appellant's campus to enable them to work on the campus. Since it is shown that most employees have off-campus housing, there is no ground for finding that the maintenance of on-campus housing is·indispensible to obtaining the services of the employees involved. Such was the finding and basis of result in the Vanderbilt case.

Appellant relies upon part of T.C.A. § 67–513(a) as follows:

"67–513 *Religious, charitable, scientific or educational institutions.—*

(a) There shall be exempt from property taxation, the real and personal property owned by any religious, charitable, scientific or educational institution which is occupied and used by such institution or its officers purely and exclusively for carrying out thereupon one or more of the purposes for which said institution was created or exists . . . .."

There is no evidence that any of the subject property is "occupied and used . . purely and exclusively for carrying out . . . one or more of the purposes for which said institution was created or exists."

As to the President's home, the Board found and the Chancellor concurred, that one half of the building was being so used; but, as to the other half of the President's house and as to all other subject buildings, the occupancy is for purposes of residence and not for purposes of instruction of students.

Appellant cites *State ex rel. v. Waggoner*, 162 Tenn. 172, 35 S.W.2d 389 (1932) wherein the Supreme Court denied exemption for a residence across the street from the campus of Ward-Belmont School. The statements of the opinion relied upon by appellant are dicta. Although there is some evidence that promotion of efficiency is one of the factors in the use of the housing facilities, there are also ample grounds for the finding of the Board and Chancellor that other factors, including fringe benefit to employees and income to the institution were motivating factors. This Court is not in position to reverse the factual finding of the Board in order to invoke the dicta of *State ex rel. v. Waggoner, supra.*

In respect to all of the housing except the President's home, the appellant receives rent from the occupants. T.C.A. § 67–513 provides in pertinent part: ̇

The real property of any such institution not so used exclusively for carrying out thereupon one or more of such purposes, but leased or otherwise used for other purposes, whether the income re-

## 742

ceived therefrom be used for one or more of such purposes or not, *shall not be exempt.*

■ The receipt of rent undoubtedly disentitles a property owner to exemption.

■ Also, it is obvious that the housing furnished to the President represents a part payment of his compensation, thereby relieving appellant of paying the amount of salary which would otherwise be required. Thus, the President's home is no more exempt than the other housing on which rent is being paid. If this were not so, it would be possible for appellant to discontinue rent collections on other buildings and reduce the pay of the occupants accordingly, thereby acquiring a right of exemption. The same could be said as to the rent paid by other occupants which is so low as to produce "no net profit."

Admittedly the application of our tax exemption laws to particular situations is sometimes difficult, and the decisions do not always appear harmonious and consistent. However, this Court is satisfied that the Board and Chancellor reached a correct result in the present case.

The decree of the Chancellor is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded for collection of costs and such other proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

SHRIVER, P. J., and LEWIS, J., concur.